IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMBICOM HOLDINGS, INC, | § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 1:17-cv-00204 |
| PC DRIVERS HEADQUARTERS, LP and PC DRIVERS HEADQUARTERS I, INC. | § § § § | |
| Defendants | § § | |

### AMBICOM HOLDINGS INC.'S
### ORIGINAL COMPLAINT

AmbiCom Holdings, Inc. ("AmbiCom") complains of PC Drivers Headquaters, LP ("PCD") and PC Drivers Headquarters I, Inc. ("PCDInc") as follows:

### PARTIES AND JURISDICTION

1. Plaintiff PC Drivers Headquarters, LP, is a Texas limited partnership with its principal place of business in Austin, Texas. Its general partner, PC Drivers Headquarters I, Inc. is a Texas corporation with its principal place of business in Texas. All of its limited partners are citizens of the State of Texas. PC Drivers Headquarters, LP may be served with process by serving its general partner through its general partners' registered agent for service of process, Michael L. Hurd at its registered address, 1035 Crescent Drive, Belton Texas 76513.

2. PC Drivers Headquarters I, Inc. is a Texas corporation with its principal place of business in Texas. It may be served with process by serving its general partner through its registered agent for service of process, Michael L. Hurd at its registered address, 1035 Crescent Drive, Belton Texas 76513.

3. AmbiCom is a Nevada corporation with its principal place of business in the State of California.

4. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy excluding costs and interest exceeds $75,000 and the parties are citizens of different states.

**FACTS**

5. AmbiCom and PCD are parties to a Joint Development and License Agreement (the "JDLA") effective as of July 15, 2014. The JDLA was subsequently amended on February 19, 2015.

6. Under the terms of the JDLA, AmbiCom granted PCD a license to use and sell AmbiCom's Active Continuous Optimization server tuning software (the "Software") and to practice the invention in AmbiCom's Patent (as defined in the JDLA) to the extent used in the Software. These licenses were limited to sales in the "Consumer Market" as defined in the JDLA.

7. Various disputes arose between the parties during 2015. In early November 2015 PCD was able to obtain an arbitration award (the "Award") whose effect was to give PCD the right to access to source code and other technical resources related to the Software and Joint Development Software. On information and belief, PCD was able to obtain this access only through fraud in the arbitration proceedings. Disputes related to the arbitration award and some of its consequences are the subject of Case No. 1:15-cv-01038 pending in this Court.

8. PCD lacked the technical expertise required to exercise its rights under the Award, and on December 18, 2015 AmbiCom and PCD entered into a Letter Agreement on Transition Plan (the "Transition Agreement").

9. The Transition Agreement provided that in exchange for payments totaling $300,000 AmbiCom would provide the technical assistance required by PCD.

10. PCD paid AmbiCom $100,000 as provided in the Transition Agreement; however, although AmbiCom fully performed its obligations under the Transition Agreement, PCD has refused to pay the remaining $200,000 to which AmbiCom is entitled.

11. Although PCD's license to use AmbiCom's Software and Patent is limited to the Consumer Market, PCD has, on information and belief, sold its consumer oriented products incorporating the Software in non-consumer commercial and business markets.

12. In addition, on information and belief, PCD has taken advantage of its access to the source code and other technical resources related to the Software to integrate the Software into its own non-consumer products, and is selling those products in non-consumer markets.

13. AmbiCom does not know how many units of PCD's products incorporating the Software have been sold into non-consumer markets; however, based on PCD's public statements concerning its sales volume the number of units sold may exceed 100,000.

14. PCD's violation of the JDLA licenses has significantly damaged AmbiCom by reducing its own ability to sell its Software in the non-consumer marketplace, and by diminishing the value or perceived value of AmbiCom's software in that market. The exact amount of that damage is unknown, but on information and belief it exceeds $10,000,000.

## COUNT ONE
## BREACH OF TRANSITION AGREEMENT

15. AmbiCom realleges and incorporates by reference every allegation above.

16. PCD has breached the Transition Agreement and AmbiCom is entitled to judgment against PCD and PCDInc for its damages, $200,000, plus interest before and after judgment as provided by law.

## COUNT TWO
## BREACH OF JDLA

17. AmbiCom realleges and incorporates by reference every allegation above.

18. PCD has breached the JDLA and AmbiCom is entitled to judgment against PCD and PCDInc for its damages, which it alleges exceed $10,000,000, plus interest before and after judgment as provided by law.

## COUNT THREE
## STATUTORY ATTORNEYS' FEES

19. AmbiCom realleges and incorporates by reference every allegation above.

20. AmbiCom is entitled to recover its reasonable attorneys' fees incurred in the prosecution of Counts One and Two above pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

### PRAYER

AmbiCom prays that PCD and PCDInc be cited to appear and answer herein, and that upon final trial AmbiCom be awarded the relief set forth in its Counts One, Two and Three above, along with such other and further relief as to which it may show itself justly entitled.

Respectfully submitted.

_____
Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

HUNT HUEY PLLC
1717 McKinney Ave., Suite 700
Dallas, Texas  75202
Telephone:  (214) 641-9182
Facsimile:  (214) 279-6124
Email:  rhunt@hunthuey.com

LEAD COUNSEL FOR AMBICOM
HOLDINGS, INC.